**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **M.S., a minor by her guardian ad litem Sirena Nilo, et al.,** | **CASE NO. 1:19-CV-0594 AWI SKO** |
| **Plaintiffs** | **ORDER VACATING HEARING, ORDER ON MOTION TO DISMISS, AND ORDER REMANDING MATTER** |
| **v.** | |
| **KAWEAH DELTA HEALTH CARE DISTRICT, et al.,** | (Doc. No. 4) |
| **Defendants** | |

This is a medical malpractice case brought by Plaintiffs against Defendants.  On May 1, 2019, the United States removed this matter pursuant to 42 U.S.C. § 233.  See Doc. No. 1.  The United States certified that Defendant Dr. Borberg was an employee of the United States acting within the course and scope of his employment.  See Doc. No. 1-2.  Through 28 U.S.C. § 2679, the United States substituted itself as a Defendant in place of Dr. Borberg.  See Doc. No. 1-3.  Currently before the Court is the United States' Rule 12(b)(1) motion to dismiss.  Hearing on this motion is set for June 10, 2019, at 1:30 p.m.  After review, the Court concludes that the motion to dismiss can be decided without oral argument.  See Local Rule 230.  Therefore, the Court will vacate the June 10, 2019 hearing date and issue this order, which resolves the motion.

*Relevant Background*

On November 22, 2017, Dr. Borberg delivered Plaintiff Sirena Nilo and Joseph McQueen's baby, M.S., at Kaweah Delta Medical Center ("the Hospital").  In a prior pregnancy,

Nilo had several complications and delivered a child who suffered shoulder dystocia. Despite this

history, Dr. Borberg did not perform a c-section. During M.S.'s birth, M.S. suffered severe and

permanent left Brachial Plexus Paralysis, emotional distress, and other neurologic injuries.

On November 13, 2018, Plaintiffs filed suit in Tulare County.

On November 14, 2018, Plaintiffs filed a Federal Tort Claims Act ("FTCA")

administrative claim with the United States Department of Health and Human Services ("HHS")

relating to Dr. Borberg's conduct and M.S.'s injuries.

In May 2019, the United States removed the matter, and now moves to dismiss the

complaint

*Legal Framework*

Federal Rules of Civil Procedure 12(b)(1)allows for a motion to dismiss based on lack of

subject matter jurisdiction. See Fed. R. Civ. Pro. 12(b)(1). Rule 12(b)(1) motions may be either

facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court

is permitted to look beyond the complaint to extrinsic evidence.[1] See Leite v. Crane Co., 749 F.3d

1117, 1121 (9th Cir. 2014); Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

When a defendant makes a factual challenge "by presenting affidavits or other evidence properly

brought before the court, the party opposing the motion must furnish affidavits or other evidence

necessary to satisfy its burden of establishing subject matter jurisdiction." Safe Air, 373 F.3d at

1039; see Leite, 749 F.3d at 1121. The court need not presume the truthfulness of the plaintiff's

allegations under a factual attack. Wood v. City of San Diego, 678 F.3d 1075, 1083 n.2 (9th Cir.

2011). The plaintiff must show by a preponderance of the evidence each requirement for subject-

matter jurisdiction, and as long as the dispute is not intertwined within an element of the plaintiff's

cause of action, the court may resolve any factual disputes itself. Leite, 749 F.3d at 1121.

*Defendant's Argument*

The United States argues that the Court lacks subject matter jurisdiction. Plaintiffs knew

that Dr. Borberg was a federal employee, which is why they submitted an administrative claim to

_____

[1] The United States has submitted exhibits that are outside of the Plaintiffs' complaint, including correspondences and
Plaintiffs FTCA administrative claim. Therefore, the United States is making a factual challenge to jurisdiction.

1 HHS.  However, the claim was submitted the day after the state court lawsuit was filed.  The

2 failure of the Plaintiffs to exhaust their administrative remedies, as required by the FTCA, prior to

3 filing suit deprives this Court of subject matter jurisdiction.

4       In reply, the United States argues that Plaintiffs opposition does not adequately address the

5 status of this case.  The United States also states that it does not oppose the remand of Plaintiffs'

6 claims against the state defendants following a grant of the Rule 12(b)(1) motion to dismiss.

7       *Plaintiffs' Opposition*

8       Plaintiffs argue that the motion to dismiss is now moot.  Plaintiffs argue that, by operation

9 of law, their administrative claim to HHS was denied on May 14, 2019.  On May 23, 2019,

10 Plaintiffs state that they filed a complaint in the Eastern District of California against the United

11 States.  Plaintiffs argue that this Court now has jurisdiction over the matter and should deny the

12 motion and remand the state law claims back to the Tulare County Superior Court.

13       *Discussion*

14       Prior to filing suit against the United States for a tort claim seeking money damages, the

15 FTCA requires that a plaintiff first exhaust her administrative remedies.  See 28 U.S.C. § 2675(a);

16 D.L. v. Vassilev, 858 F.3d 1242, 1245 (9th Cir. 2017); Vacek v. United States Postal Serv., 447

17 F.3d 1248, 1250 (9th Cir. 2006).  The failure to comply with the FTCA's exhaustion requirement

18 is jurisdictional.  See D.L., 656 F.3d at 1244; Vacek, 447 F.3d at 1250.  A prematurely filed FTCA

19 lawsuit "must be dismissed even if the plaintiff ultimately exhausts his administrative remedies

20 before 'substantial progress' has occurred in the case."  D.L., 858 F.3d at 1246 (citing McNeill v.

21 United States, 508 U.S. 106, 110, 113 (1993)).

22       Here, there appears to be no dispute that Plaintiffs did not exhaust their FTCA

23 administrative remedies until May 14, 2019.  This date is after the filing of Plaintiffs' state court

24 complaint and after the United States' May 3, 2019 removal to this Court.  Plaintiff does not argue

25 that the FTCA exhaustion requirement does not apply, nor do they argue that they did not know

26 that Dr. Borberg was a federal employee or that they were not attempting to bring suit against the

27 United States through Dr. Borberg.  Indeed, the timing of the state law complaint and

28 administrative claim being only one day apart suggests that Plaintiffs knew that Dr. Borberg was a

federal employee who would fall under the FTCA when they filed suit..[2]  In the absence of any contrary arguments by Plaintiffs, the Court concludes that Plaintiffs failed to exhaust applicable FTCA administrative remedies against Dr. Borberg/the United States prior to filing their lawsuit. Cf. D.L., 858 F.3d at 1246 (distinguishing *McNeill* in part because the plaintiff "first filed his malpractice suit in state court; at the time, he was not aware that one of the defendants was an employee of the United States.  Accordingly, D.L. did not institute an action 'upon a claim against the United States' before exhausting his administrative remedies when he first filed suit.").

Without citation to any authority, Plaintiffs contend that their filing of a separate lawsuit in federal court cures the exhaustion problem and moots the United States' motion.  Both lawsuits are now pending in the Fresno Division of the Eastern District of California, but they are assigned to different judges and have different case numbers.[3]  They are separate cases.  Although it is clear that Plaintiffs are attempting to cure a defect, it is entirely unknown how the mere filing of a new and separate case can cure the defects in this case.  In the absence of citation to any authority by Plaintiffs, the Court concludes that this case falls within the rule of *McNeill*.  Because Plaintiffs filed suit prior to exhausting applicable FTCA administrative remedies, dismissal of the United States for lack of jurisdiction is required.  See McNeill, 508 U.S. at 110, 113; D.L., 858 F.3d at 1256.

With the dismissal of the United States, Plaintiffs' state law claims against the Hospital remain pending.  However, since the parties both agree that remanding the remainder of this case is appropriate, and because the Court has dispensed with the federal claims, see 28 U.S.C. § 1367(c)(3), the Court will remand this case to the Tulare County Superior Court.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.    The June 10, 2019 hearing is VACATED;

---

[2] Plaintiffs may have filed their complaint in state court out of concern for the statute of limitations, which for medical negligence cases is either one year or three years, depending on application of the discovery rule.  See Cal. Civ. Code § 340.5; Flores v. Presbyterian Intercommunity Hosp., 63 Cal.4th 75, 80-82 (2016).

[3] Plaintiffs' new lawsuit is *M.S., et al., v. United States*, 1:19-cv-0728 DAD BAM.

4

2.     Defendant the United States' motion to dismiss for lack of subject matter jurisdiction (Doc. No. 4) is GRANTED;

3.     The United States is DISMISSED from this action without prejudice;

4.     The Court declines to exercise supplemental jurisdiction over the remaining claims and parties; and

5.     This case is REMANDED forthwith to the Tulare County Superior Court.

IT IS SO ORDERED.

Dated:    June 4, 2019

_____
SENIOR   DISTRICT   JUDGE